IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **David Bernard Rose, # 166;** ) | |
| ) | |
| Plaintiff, ) | C/A No. 0:05-0525-CMC-BM |
| ) | |
| v. ) | OPINION AND ORDER |
| ) | |
| **Mr. Noonan (Head) County Council;** ) | |
| **Sumter Lee Regional Detention Center;** ) | |
| **Medical Staff; Mrs. Rachael Joe;** ) | |
| **Simon Jamor; and Dr. Whittaker;** ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff, proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 on February 18, 2005, claiming that he was denied proper medical treatment at the Sumter Lee Regional Detention Center in Sumter, South Carolina, where he was being detained when he filed the complaint. On January 26, 2006, Defendants Noonan, Sumter Lee Regional Detention Center, and Major filed a motion for summary judgment. One February 21, 2006, Defendant Whittaker also filed a motion for summary judgment. A motion to dismiss was filed by Defendant Joe and a motion to Intervene, Quash Service and Dismiss was filed by Medical Staff on March 6, 2006.

In accordance with this court's order of reference, 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), this matter was referred to United States Magistrate Judge Bristow Marchant for a Report and Recommendation.

Magistrate Judge Marchant entered *Roseboro* orders as the motions were filed, advising Plaintiff of the importance of the motions and the consequences of failing to file responses. Plaintiff did not file a response to any of the motions.[1] The Magistrate Judge filed his Report on March 21, 2006, and the matter is now ready for a ruling.

---

[1] The first two motions were returned by the U. S. Postal Service marked "return to sender–refused–unable to forward." The motions filed by Defendants Joe and Medical Staff were not returned and the presumption is that Plaintiff received them; however, no response has been filed.

This court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Based on his review of the record, the Magistrate Judge has recommended that this action be dismissed with prejudice in accordance with Rule 41(b) of the Federal Rules of Civil Procedure. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if he failed to do so. Plaintiff has filed no objections and the time for doing so has expired.[2]

After reviewing the Complaint, the motions, and the Report and Recommendation of the Magistrate Judge, the court finds no clear error. Accordingly, the Report and Recommendation of the Magistrate Judge is adopted and incorporated by reference.

**IT IS HEREBY ORDERED** that this action is DISMISSED *with prejudice* for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED**.

                                        s/ Cameron McGowan Currie
                                        CAMERON MCGOWAN CURRIE
                                        UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
May 30, 2006

---

[2] Plaintiff's copy of the Report and Recommendation was also returned by the U. S. Postal Service marked "Undeliverable - return to sender - refused."

C:\temp\notesFFF692\~8953686.wpd

3